# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DREYON WYNN, | Case No. 3:22-cv-01899 |
| Plaintiff, | JUDGE KNEPP |
| -vs- | MAGISTRATE JUDGE CLAY |
| UNIVERSITY OF TOLEDO, | |
| Defendant. | |

## MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS OF DEFENDANT THE UNIVERSITY OF TOLEDO

Now comes Defendant The University of Toledo ("UT"), by and through counsel, and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, respectfully requests that the O.R.C. Chapter 4112 claims contained in Counts I and II, the 42 U.S.C. § 1981 claim asserted in Count I, and the entirety of Counts III and IV of Plaintiff Dreyon Wynn's Amended Complaint be dismissed.  The reasons for this Motion are set forth in the Memorandum in Support below.

Respectfully Submitted,

DAVE YOST (0056290)
Attorney General of Ohio

*/s/ Drew C. Piersall*
Drew C. Piersall (0078085)
dcp@zrlaw.com
Scott H. DeHart (0095463)
shd@zrlaw.com
Zashin & Rich Co., L.P.A.
17 South High Street, Suite 900
Columbus, Ohio 43215
Telephone: (614) 224-4411
Facsimile: (614) 224-4433

*Attorneys for Defendant The University of Toledo*

**MEMORANDUM IN SUPPORT**

**I.     Introduction**

This an employment discrimination case alleging three discrete adverse actions over nine months.  Plaintiff Dreyon Wynn was employed as Director of Employee/Labor Relations and HR Compliance at UT from March 2020 until he was terminated in January 2021.  (Doc. 6, ¶1).  He also applied for, and was not selected for, the position of Executive Director of Employee/Labor Relations.   (Doc. 6, ¶7).  Further, after his employment terminated, Plaintiff was arrested as a result of his refusal to return his UT-issued laptop computer.  All charges were later dropped.  (Doc. 6, ¶¶13-16).

He initiated this action on October 21, 2022.  (Doc. 1).  He amended his complaint on November 4, 2022.  (Doc. 6).  UT answered Plaintiff's amended complaint on November 28, 2022, and denied all allegations asserted against it.  (Doc. 10).

Plaintiff's amended complaint asserts four claims against UT:

- Count I alleges race discrimination in violation of Title VII, O.R.C. Chapter 4112, and 42 U.S.C. § 1981.  (Doc. 8, ¶65).

- Count II alleges retaliation in violation Title VII and O.R.C. § 4112.02(I).  (Doc. 8, ¶75).

- Count III alleges malicious prosecution related to his failure to return the UT-issued laptop computer.  (Doc. 8, ¶¶80-92).

- Count IV alleges defamation related to an article published by the *Toledo Blade* related to his arrest for his failure to return the UT-issued laptop computer.  (Doc. 8, ¶¶93-96).

UT does not move for judgment on the pleadings with respect to the Title VII allegations asserted in Counts I and II.  UT seeks dismissal of all other claims asserted.  State law claims asserted against state entities are barred in this Court by sovereign immunity as embedded in the Eleventh Amendment.  Plaintiff's 42 U.S.C. § 1981 claim fails for the same reason.  Moreover,

2

Plaintiff's malicious prosecution and defamation claims fail for the additional reason that they were not brought within the applicable one-year statute of limitations.

## II. Law and Argument

### A. Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but early enough not to delay trial, a party may move for judgment on the pleadings." "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. Cleveland Civil Service Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001) (*citing Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir. 1999)). To survive a motion to dismiss, a plaintiff must plead facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff cannot plead facts "that are 'merely consistent with' a defendant's liability," or assert only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements. Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-679 (*quoting Twombly*, 550 U.S. at 555-57).

3

B.  UT is Entitled to Sovereign Immunity on Plaintiff's State Law Claims

Plaintiff's state law claims, including race discrimination and retaliation claims brought pursuant to O.R.C. Chapter 4112, as well as claims of malicious prosecution and defamation, are barred by sovereign immunity set forth in the Eleventh Amendment of the U.S. Constitution. *See, e.g., Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 120-21 (1984); *see also, Dendinger v. Ohio*, 207 Fed. Appx. 521, 528-29 (6th Cir. 2006) (explaining that the Eleventh Amendment bars federal courts from reviewing state-law claims "absent state waiver or express congressional abrogation"); *Edwards v. Ky. Revenue Cabinet, Div. of Compliance & Taxpayer Assistance*, 22 Fed. Appx. 392, 393 (6th Cir. 2001) ("Eleventh Amendment immunity constitutes a jurisdictional bar, and neither supplemental jurisdiction nor any other basis for jurisdiction overrides Eleventh Amendment immunity.")

As applied to UT, the Sixth Circuit "has consistently held that Ohio public universities, as instrumentalities of the state, should receive the protection of sovereign immunity." *Fischer v. Kent State Univ.*, 459 Fed. Appx. 508, 510 (6th Cir. 2012); *see, e.g. McCormick v. Miami Univ.*, 693 F. 3d 654, 661 ("Since a public university qualifies as an arm of the state, Miami University is immune from suit under the Eleventh Amendment because it is well-settled that a plaintiff is precluded from directly suing a State in federal court." (citation omitted) (internal quotation marks omitted)).

The State of Ohio has not waived its sovereign immunity by consenting to federal courts' jurisdiction over Ohio law claims against the State. Rather, Ohio has waived its sovereign immunity only as to actions filed in the Court of Claims of Ohio. O.R.C. § 2743.02. *See, e.g. Manning v. Ohio State Library Bd.*, 62 Ohio St. 3d 24, 577 N.E.2d 650 (1991); *Leaman v. Ohio Dep't of Mental Retardation & Developmental Disabilities*, 825 F.2d 946, 954 (6th Cir. 1987)

4

(en banc) *cert. denied* 487 U.S. 1204 (1988); *Jones v. Hamilton Cty. Sheriff*, 838 F.3d 782, 786 (6th Cir. 2016); *Savage v. Gee*, 665 F.3d 732, 737-38 (6th Cir. 2012).

This Court very recently applied this black letter law to state law claims asserted against UT, and dismissed them accordingly. *See, Harper v. Univ. of Tol.*, 2022 U.S. Dist. LEXIS 179934, *8-9 (N.D. Ohio, Sept. 30, 2022).

Therefore, Plaintiff's O.R.C. Chapter 4112 claims asserted in Counts I and II should be dismissed, as well as Plaintiff's claims of malicious prosecution (Count III) and defamation (Count IV).

C. **UT is Entitled to Sovereign Immunity on Plaintiff's 42 U.S.C. § 1981 Claim**

Plaintiff asserts a claim of race discrimination pursuant to 42 U.S.C. § 1981 in Count I. Section 1981 prohibits racial discrimination in the making and enforcement of contracts. *See, Runyon v. McCrary*, 427 U.S. 160, 168, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976).

As discussed above, since UT is considered an arm of the State of Ohio, the Eleventh Amendment bars Plaintiff from pursuing his 42 U.S.C. § 1981 claim against it. *See, McCormick v. Miami Univ.*, 693 F.3d 654, 660-61 (6th Cir. 2012); *McClair v. AFSCME Local #2415*, 2012 U.S. Dist. LEXIS 150661, *25 (N.D. Ohio, March 22, 2012).

D. **The Statute of Limitations Bars Plaintiff's Malicious Prosecution and Defamation Claims**

Although Plaintiff cannot overcome UT's sovereign immunity with respect to his malicious prosecution and defamation claims, they fail for the additional reason that they are untimely. Pursuant to O.R.C. § 2305.11, malicious prosecution and defamation clams are subject to a one-year statute of limitations. Plaintiff returned his UT-issued laptop on May 27, 2021, one month after a warrant was issued for his arrest. (Doc. 6, ¶¶82-83). While it is less than clear, it appears his malicious prosecution claim flows from his allegedly wrongful

5

"detain[ment] and depriv[ation] of his liberty in the Lucas County Jail." (Doc. 6, ¶¶15, 87). He did not file the instant lawsuit until October 21, 2022. His malicious prosecution claim is time barred. *Mayes v. City of Columbus*, 105 Ohio App.3d 728, 746, 664 N.E.2d 1340, 1352 (Ohio 1995).

Plaintiff's defamation claim fares no better. While Plaintiff fails to identify the defamatory statement uttered by UT, he concedes the article containing the purported defamatory statement that was published by the *Toledo Blade* occurred on July 2, 2021. (Doc. 6, ¶17). This plainly falls outside the one-year window, and his defamation claim should be dismissed accordingly.

**III.   Conclusion**

For the foregoing reasons, all of Plaintiff's claims should be dismissed with the exception of his race discrimination and retaliation claims asserted under Title VII, as contained in Counts I and II.

                                                Respectfully Submitted,

                                                DAVE YOST (0056290)
Attorney General of Ohio

*/s/ Drew C. Piersall*
Drew C. Piersall (0078085)
dcp@zrlaw.com
Scott H. DeHart (0095463)
shd@zrlaw.com
Zashin & Rich Co., L.P.A.
17 South High Street, Suite 900
Columbus, Ohio 43215
Telephone: (614) 224-4411
Facsimile: (614) 224-4433

*Attorneys for Defendant The University of Toledo*

6

## CERTIFICATE OF SERVICE

This will certify that the foregoing *Motion for Partial Judgment on the Pleadings of Defendant The University of Toledo* was filed electronically on December 8, 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Drew C. Piersall*
Drew C. Piersall (0078085)
Zashin & Rich Co., L.P.A.
