UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DREYON WYNN, | ) | Case No. 3:22-CV-01899 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES R. KNEPP II |
| | ) | |
| -vs- | ) | |
| | ) | |
| UNIVERSITY OF TOLEDO, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT UNIVERSITY OF TOLEDO'S MOTION FOR TAXATION OF COSTS

Defendant, University of Toledo, by and through undersigned counsel, and pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d), hereby moves this Court for taxation of costs in its favor in the amount of $2,693.50. A bill of costs, invoices from the court reporter, and a memorandum in support are attached.

Respectfully submitted,

DAVE YOST (0056290)
Attorney General of Ohio

*/s/ Drew C. Piersall*
Drew C. Piersall (0078085)
Scott H. DeHart (0095463)
ZASHIN & RICH CO., L.P.A.
17 South High Street, Suite 900
Columbus, Ohio 43215
Phone:  (614) 224-4411
Fax:  (614) 224-4433
dcp@zrlaw.com
shd@zrlaw.com

*Attorneys for Defendant*

# MEMORANDUM IN SUPPORT

**I.    Introduction.**

This was an action in which the Plaintiff Dreyon Wynn alleged race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 against Defendant University of Toledo. On June 7, 2024, this Court granted summary judgment for Defendant on all claims asserted by Plaintiff, and dismissed the case with prejudice. (Docs. 39, 40).

The costs in question, in the amount of $2,639.50, were expended by Defendant for the deposition transcripts of the Plaintiff (two volumes) and three other deponents, including: John Elliott, Jeffrey Newton, and Bethany Ziviksi.

All five deposition transcripts were filed with the Court in conjunction with the summary judgment briefing. Deposing Plaintiff and ordering the deposition transcripts as well as the transcripts of the other deponents, were reasonably necessary efforts to defend the action, and therefore may be recovered as costs. *Sales v. Marshall,* 873 F.2d 115, 120 (6th Cir. 1989). A bill of costs and invoices from the court reporters are attached hereto.

**II.    Law & Argument.**

    **A.    Costs are granted to the prevailing party in all but the most exceptional cases.**

Fed. R. Civ. P. 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." As the Supreme Court has recognized, this language "signals the general proposition that 'liability for costs is a normal incident of defeat.'" *Jones v. Continental Corp.*, 789 F.2d 1225, 1233 (6th Cir. 1986), quoting *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981). Put another way, the rule creates a "presumption in favor of awarding costs" to the prevailing party. *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 729 (6th Cir. 1986); *Knology, Inc. v. Insight*

1

*Commc'ns Co., L.P.*, 460 F.3d 722, 726 (6th Cir. 2006) (quoting *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001)). The party objecting to the imposition of costs bears the burden of persuading the court that the imposition is improper. *Freeman v. Blue Ridge Paper Products, Inc.*, 624 F. App'x 934, 938 (6th Cir. 2015) (citing *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005)).

As explained by the District of Columbia Circuit in *Baez v. United States Department of Justice*, 684 F.2d 999, 1003 (D.C. Cir. 1982):

> Unlike attorneys' fees, whose magnitude and unpredictability have discouraged parties with otherwise meritorious claims from litigation, the small and predictable costs of court fees, printing, and court reporters' fees have customarily been viewed as necessary and reasonable incidents of litigation, properly reimbursable to the winning party.

Because of this, "trial judges have rarely denied costs to a prevailing party whose conduct has not been vexatious." *Id.*, 684 F.2d at 1004.

### B. Transcript costs and court reporter fees are recoverable as costs if "reasonably necessary" at the time the deposition was taken, even if the testimony did not prove pivotal to the outcome.

The following court reporter fees were expended by Defendant in defense of this action.[1]

| DEPONENT | DATE | TOTAL |
|---|---|---|
| Dreyon Wynn (Volume I) | 9/19/2023 | |
| Dreyon Wynn (Volume II) | 9/20/2023 | $2,046.95 |
| John Elliott | 9/18/2023 | |
| Jeffrey Newton | 9/19/2023 | |
| Bethany Ziviski | 9/19/2023 | $646.55 |
| **TOTAL** | | **$2,693.50** |

The controlling statute, 28 U.S.C. § 1920(2), provides that costs may be taxed for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." "Printed or electronically recorded transcripts" plainly include deposition transcripts. *See Hudson v. Nabisco*

---

[1] Both volumes of Plaintiff's deposition were invoiced jointly. The depositions of Elliott, Newton, and Ziviski were invoiced jointly.

2

*Brands, Inc.*, 758 F.2d 1237, 1242 (7th Cir. 1985).  "[T]ranscripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are 'reasonably necessary.'" *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993).  In this Circuit, "[n]ecessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989).

>    C.   **Inability to pay, and the disparity of the parties' resources, are not defenses to the assessment of costs.**

"[T]he ability of the winning party to pay his own costs is irrelevant," *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001), citing *White & White*, 786 F.2d at 730.  Plaintiff did not proceed *in forma pauperis*, nor has he established indigency at any time during this proceeding.  *Id*.

Moreover, costs should not be denied on the theory that to grant costs might deter other litigants from filing meritorious civil rights claims.  Simply put, if the general rule is that the loser pays costs, it is hard to see how making an occasional exception for individuals such as Plaintiff will significantly alter the built-in "deterrence" against filing unsuccessful federal actions.  As was observed in *Burroughs v. Hills*, 741 F.2d 1525, 1538 (7th Cir. 1984), *cert. denied*, 471 U.S. 1099 (1985) (Posner, J., concurring), "fear of losing seems not to be much of a deterrent" under the existing rule that the loser ordinarily pays.  *Id.* at 1542 (Flaum, J., concurring).

The Sixth Circuit has rejected the argument that an award of costs against an unsuccessful litigant undercuts the remedial purposes of Title VII of the Civil Rights Act of 1964.  *Jones v. Continental Corp.*, 789 F.2d 1225, 1233 (6th Cir. 1986); *see also, Delta Air Lines, Inc. v. Colbert*, 692 F.2d 489 (7th Cir. 1982) and *Baez v. United States Dep't of Justice*, 684 F.2d 999, 1003 (D.C. Cir. 1982).  There is no support for any 'chilling effect' on Plaintiff's Title VII claims, as compared to any other case brought by an individual alleging discrimination against an employer.  *Yarberry v. Gregg Appliances, Inc.*, S.D. Ohio No. 1:12-cv-611, 2017 U.S. Dist. LEXIS 17891, at *4 (Feb. 8, 2017)

citing *Johnson v. Cleveland City School Dist.,* N.D. Ohio No. 1: 07 CV 1610, 2009 U.S. Dist. LEXIS 13433, at *1 (Feb. 3, 2009*)* (awarding costs to prevailing defendant in ADA case, including costs for deposition transcripts) (citing *Jones*, 789 F.2d at 1233).

### III. Conclusion.

For the foregoing reasons, Defendant submits that its Motion is well-taken and respectfully requests for the taxation of $2,693.50 against Plaintiff.

> Respectfully submitted,
>
> DAVE YOST (0056290)
> Attorney General of Ohio
>
> */s/ Drew C. Piersall*
> Drew C. Piersall (0078085)
> Scott H. DeHart (0095463)
> ZASHIN & RICH CO., L.P.A.
> 17 South High Street, Suite 900
> Columbus, Ohio 43215
> Phone: (614) 224-4411
> Fax: (614) 224-4433
> dcp@zrlaw.com
> shd@zrlaw.com
>
> *Attorneys for Defendant*

### CERTIFICATE OF SERVICE

This will certify that the foregoing was filed electronically on June 11, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> */s/ Drew C. Piersall*
> Drew C. Piersall (0078085)