IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**DREYON WYNN,**                                    CASE NO. 3:22 CV 1899

    Plaintiff,

    v.                                           JUDGE JAMES R. KNEPP II

**UNIVERSITY OF TOLEDO,**

    Defendant.                          **MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Currently pending before the Court is Defendant University of Toledo's Motion to Tax Costs against Plaintiff Dreyon Wynn. (Doc. 41). Plaintiff did not file an opposition. For the following reasons, the Court grants Defendant's motion.

## BACKGROUND

On June 7, 2024, this Court granted Defendant's Motion for Summary Judgment in its entirety and dismissed the case.[1] (Docs. 39, 40). In support of its Motion, Defendant presented and relied upon the deposition transcripts of Plaintiff (two volumes), John Elliott, Jeffrey Newton, and Bethany Ziviski. *See* Docs. 29, 30, 31, 32, 33.

---

1. After the entry of judgment and filing of the currently pending motion, Plaintiff filed a notice of appeal with the Sixth Circuit Court of Appeals. (Doc. 42). Typically, filing a notice of appeal divests the district court of jurisdiction over aspects of the cases involved in appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, motions to tax costs under Rule 54(d)(1) are considered "collateral" to the merits and do not alter or amend a final judgment. *See Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268–269 (1988). Therefore, despite the pending appeal, this Court retains jurisdiction to review and determine the pending motion.

With the present motion to tax costs, Defendant submits documentation that it paid $2,046.95 for Plaintiff's deposition. (Doc. 41-2, at 1). As to the other depositions, Defendant submits documentation that it paid the following amounts: $213.00 (Elliott), $241.40 (Ziviski), $117.15 (Newton), and $75.00 (E-Transcripts). *Id.* at 2. It thus seeks $2,693.50 in total costs. (Doc. 41-1).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). This rule "creates a presumption in favor of awarding costs [to a prevailing party], but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). The prevailing party must demonstrate that the costs it seeks to have taxed "are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920." *Swysgood v. Bd. of Educ. of Nw. Loc. Sch. Dist. of W. Salem*, 2019 WL 2026514, at *2 (N.D. Ohio) (quoting *Howe v. City of Akron*, 2016 WL 916701, at *19 (N.D. Ohio)).

The Court has discretion to deny costs and must review the necessity of each cost subject to an objection. *See White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). The Sixth Circuit has identified a few situations where courts appropriately exercise their discretion to deny an award of costs: (1) where the prevailing party's costs are "unnecessary or unreasonably large"; (2) where the prevailing party has "unnecessarily prolong[ed] trial" or has "inject[ed] unmeritorious issues"; (3) where the prevailing party's victory is insignificant; and (4) in "close and difficult" cases. *Id.*

## DISCUSSION

Defendant seeks an award of costs in an amount of $2,693.50. *See* Doc. 41-1. As set forth above, this is the cost associated with taking and obtaining the transcripts of five depositions, which it asserts were necessarily obtained for use in this case. *See id.* (declaration of counsel); Doc. 41-2 (itemized lists of costs).

Here, Plaintiff has not filed an opposition brief. The costs of taking depositions and the associated transcripts are recoverable under § 1920. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987) (a district court may award costs only for those elements in § 1920, which includes "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" and "[f]ees for exemplification and copies of papers necessarily obtained for use in the case") (quoting 28 U.S.C. § 1920(2) and (4)). The Court finds the requested deposition-related costs were necessary and reasonable. Therefore, with the absence of any opposition from Plaintiff, the Court applies the presumption that costs will be awarded to the prevailing party. The Court therefore awards the costs sought by Defendant in accordance with Federal Rule of Civil Procedure 54(d).

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion to Tax Costs (Doc. 41) be, and the same hereby is, granted; Plaintiff is taxed with $2,693.50 in costs.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: July 22, 2024